NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TERISA C., LAWRENCE E., *Appellants*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.E., S.E., *Appellees*.

No. 1 CA-JV 14-0182
FILED 7-30-2015

Appeal from the Superior Court in Maricopa County
No. JD509416
The Honorable David J. Palmer, Judge

**AFFIRMED**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant Terisa C.*

Robert D. Rosanelli, Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant Lawrence E.*

Arizona Attorney General's Office, Mesa
By Eric K. Knobloch
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**P O R T L E Y**, Judge:

**¶1**        Terisa C. ("Mother") and Lawrence E. ("Father") appeal the judgment terminating their parental rights to their two minor children, A. and S.  Specifically, they argue that the juvenile court erred when it found that the Arizona Department of Economic Security ("the Department")[1] made diligent efforts to provide them with appropriate family reunification services.  Because we find no abuse of discretion, we affirm.

### FACTS[2] AND PROCEDURAL HISTORY

**¶2**        The Department, and other agencies, received a report in June 2011 that the family was panhandling on a street corner and holding up a sign that stated "Need Help No Food."  As a result, Father was arrested on an outstanding traffic warrant and Mother, who was not on her medication, was transported to a psychiatric center for a mental health evaluation.  The children were placed in foster care and, after the filing of a dependency petition, found to be dependent.[3]

**¶3**        Because the case plan was family reunification, the Department provided services to the parents.  The plan, however, was ordered changed at the May 2013 report and review/permanency planning hearing to severance and adoption.  The Department, as a result,  filed and served a motion to terminate the parental rights of both parents to their

---

[1] The Department of Child Safety has replaced Arizona Department of Economic Security.  *See* S.B. 1001, 51st Leg., 2d Spec. Sess. (Ariz. 2014).  We will refer to the agency as "the Department."

[2] We view the facts in the light most favorable to upholding the juvenile court's ruling.  *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 376, ¶ 13, 231 P.3d 377, 380 (App. 2010).

[3] Mother filed an untimely appeal of the dependency determination and this court summarily dismissed her appeal.

children alleging fifteen months out-of-home placement under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(8)(c).[4]

¶4            After a five-day contested severance trial, the court terminated the parental rights of both parents to their two children.  In addition to finding the Department had proven the statutory basis for the fifteen-month time-in-care provision after "a diligent effort to provide appropriate reunification services," the court also found that termination was in the children's best interests because it would allow them to be adopted and provide them "a safe, stable, and loving home free of substance abuse."

¶5            Both parents filed a timely notice of appeal.  We have jurisdiction under A.R.S. §§ 8-235, 12-120.21(A)(1), and -2101(A)(1).

**DISCUSSION**

¶6            On appeal, both parents contend the juvenile court erred in finding that the Department made a diligent effort to provide them with appropriate reunification services.[5]  Although the Department argues that both parents waived the issue, our review of the record supports the argument that Mother never challenged the adequacy of the reunification services.  Because she failed to object or otherwise challenge the adequacy of the services at the time they were provided, at any report and review hearing, or during trial, she has waived the issue.  *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179, ¶¶ 17–18, 319 P.3d 236, 241 (App. 2014) (noting that parent waived right to challenge the Department's reasonable efforts to provide family reunification services when the parent failed to raise the argument at the review hearings or at the termination hearing).

¶7            Father, however, challenged the adequacy of the services during his closing argument, which preserved the issue for appeal.  *See id.*  In considering his argument, we will affirm the ruling unless it is clearly erroneous; that is, we will affirm the ruling unless there is no reasonable evidence to support the factual finding.  *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4, 53 P.3d 203, 205 (App. 2002).

¶8            When the Department seeks to terminate a parent's rights based on a child's time in out-of-home placement, whether nine months or fifteen months, the Department must prove that it made a "diligent" effort

---

[4] We cite to the current version of the statute unless otherwise noted.

[5] Because neither parent challenges the statutory finding of fifteen months-in-care, we affirm that determination.

to provide appropriate remedial services designed to attempt to reunify the family. *See Ariz. State Dep't of Econ. Sec. v. Mahoney*, 24 Ariz. App. 534, 537, 540 P.2d 153, 156 (App. 1975) ("Termination of the parent-child relationship should not be considered a panacea but should be resorted to only when concerted effort to preserve the relationship fails."). Specifically, the Department is required to demonstrate that it provided the parent with "the time and opportunity to participate in programs designed to help [him or] her become an effective parent," but "is not required to provide every conceivable service or to ensure that a parent participates in each service" that it offers. *Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353, 884 P.2d 234, 239 (App. 1994).

¶9            Here, the evidence supports the juvenile court's finding that the Department made diligent efforts to reunify the family. As part of the reunification case plan, Father was required to "provide a stable, safe, and nurturing living environment for [his] children;" meet the children's basic needs; remain sober and free from criminal activity; find and maintain regular employment; and refrain from abusive or neglectful behavior. To help Father meet his goals, the Department offered him substance-abuse treatment, substance-abuse testing, both a psychological evaluation and a psychiatric evaluation, individual and family counseling, parenting classes, parent-aide services, supervised visitation, and transportation.

¶10          Father contends that the services were inappropriate because they assumed he was a drug abuser. Although he initially tested negative and the juvenile court dismissed the substance-abuse allegation from the dependency proceeding, the Department later suspected that Father was abusing substances. As a result, Father was ordered to participate in drug testing to demonstrate he was drug free, but he tested positive for methamphetamine. He then refused to submit to further testing or comply with the court's order for hair-follicle testing. Consequently, the substance abuse testing and treatment, and related services, were not inappropriate reunification services.

¶11          Father also argues the individual counseling was inappropriate because he found the therapist's office was not an appropriate setting for individual and family therapy. The Department, however, listened to his concerns and referred him to a different therapist. Father attended the intake session, but refused to participate in any further counseling services and did not explain his refusal to take advantage of that service.

¶12　　　　The evidence, as a result, demonstrates that the Department provided Father with the time and opportunity to participate in programs designed to address issues in order to help him become an effective parent. The Department fulfilled its statutory mandate. *See* A.R.S. § 8–533(B)(8). Although Father initially complied with the case plan, he later failed or refused to participate in the programs and services the Department offered or recommended. Consequently, the record supports the juvenile court's finding that the Department made reasonable diligent efforts to reunite the family.

¶13　　　　Mother argues there was insufficient evidence to support the juvenile court's finding that terminating her parental rights serves the children's best interests.[6] Accordingly, we review the record to determine whether there is evidence to support the court's finding; namely, whether there was evidence that the children would benefit by the termination or would be harmed by a continuation of the parent-child relationship. *Maricopa Cnty. Juvenile Action No. JS–500274*, 167 Ariz. 1, 5, 804 P.2d 730, 734 (1990). In determining the best interests of the child, the court can also consider "whether: 1) an adoptive placement is immediately available; 2) the existing placement is meeting the needs of the child; [or] 3) the children are adoptable." *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 30 (App. 2010) (internal citations omitted).

¶14　　　　The evidence presented to the juvenile court was that the children were placed together, their placement was meeting their needs, and that placement was willing to adopt them if severance was granted. Based on that evidence, the court found that termination was in the children's best interests because it would further the plan of adoption, allow the children to be adopted, and provide them "a safe, stable, and loving home free of substance abuse." The court further found that the adoptive placement "is the least restrictive placement available consistent with the needs of the children." Indeed, reasonable evidence supports this finding because the children were placed together, the current placement was meeting their needs, and the current placement was willing to adopt them if severance was granted.

¶15　　　　Therefore, we affirm the court's finding that termination of Mother's and Father's parental rights serves the children's best interests.

---

[6] Father does not challenge the court's best interest finding.

## CONCLUSION

**¶16** Based on the foregoing, we affirm the juvenile court's order terminating Mother and Father's parental rights to their two minor children.



Ruth A. Willingham · Clerk of the Court
FILED: ama